CARNES, Circuit Judge,
concurring:
I fully concur in the per curiam opinion. I write separately only to note my disagreement with my colleague’s view that the district court’s conclusion that Ferguson failed to show irreparable injury is inconsistent with binding precedent. Both In re Holladay, 331 F.3d 1169, 1177 (11th Cir.2003), and Woodson v. North Carolina, 428 U.S. 280, 303-04, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976), involve claims that the defendant or movant should not be executed. Obviously, executing a defendant who should not be executed inflicts an irreparable injury. That is not the claim we have here. See Cooey v. Strickland, 604 F.3d 939, 946 (6th Cir.2010).
WILSON, Circuit Judge,
concurring:
Although I agree with the district court that Ferguson has failed to satisfy his burden regarding the substantial likelihood of success on the merits, I do note that the district court’s conclusion that Ferguson failed to show irreparable injury is inconsistent with Eleventh Circuit and Supreme Court precedent. As a general rule, in the circumstance of an imminent execution, this court presumes the existence of irreparable injury. In re Holladay, 331 F.3d 1169, 1177 (11th Cir.2003) (“We consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident.”). Further, the Supreme Court has recognized that “death is a punishment different from all other sanctions in kind rather than degree.” Woodson v. North Carolina, 428 U.S. 280, 303-04, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). The irreversible nature of the penalty makes irreparable by definition any injury inflicted in violation of the United States Constitution. In this case, however, because Ferguson has failed to show the existence of any constitutional violation under the “substantial likelihood” prong, we need not address in depth the other requirements necessary to grant a stay of execution.